UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) <br> ) Criminal No. 18-0255 (PLF) |
| AHMADREZA MOHAMMADI DOOSTDAR, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Ahmadreza Mohammadi Doostdar's Motion for Compassionate Release ("Def.'s Mot.") [Dkt. No. 136]. Mr. Doostdar contends that he is at a high risk of contracting the novel coronavirus ("COVID-19") and requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 2-4, 6-10. The government opposes this motion, arguing that Mr. Doostdar's single health condition does not warrant relief, particularly due to the serious nature of the crimes for which he was convicted. United States' Opposition to Defendant's Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Gov't Opp.") [Dkt. No. 137]. For the reasons explained below, this Court will deny the motion for compassionate release without prejudice.[1]

---

[1] The Court has reviewed the following documents in connection with the pending motion: Superseding Indictment [Dkt. No. 67]; Plea Agreement ("Plea Agrmt.") [Dkt. No. 75]; Statement of Offense ("SOO") [Dkt. No. 76]; Final Presentence Investigation Report ("PSR") [Dkt. No. 102]; Recommendation of Final Presentence Investigation Report [Dkt. No. 103]; Ahmadreza Doostdar's Sentencing Memorandum ("Def. Sent. Memo") [Dkt. No. 105]; Sealed Document Exhibits A-C to Sentencing Memorandum [Dkt. No. 107]; Government's Memorandum in Aid of Sentencing [Dkt. No. 109]; Defendant Ahmadreza Doostdar's Response to the Government's Sentencing Memorandum [Dkt. No. 112]; Government's Response to Defendant's Sentencing Memoranda [Dkt. No. 113]; Judgment [Dkt. No. 121]; Ahmadreza

I.  BACKGROUND

On October 8, 2019, Mr. Doostdar pled guilty under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, to: (1) one count of Conspiracy to Act as an Agent of a Foreign Government, in violation of 18 U.S.C. § 371, and (2) one count of Acting as an Agent of a Foreign Government, in violation of 18 U.S.C. § 951.  Plea Agrmt at 1.  On January 15, 2020, this Court sentenced Mr. Doostdar to 38 months of incarceration on each count, to run concurrently, and a period of 36 months of supervised release on each count, to run concurrently.  Judgment at 2-3.  Mr. Doostdar, now thirty-nine years old, is incarcerated at USP Marion in the Control Management Unit.  Def.'s Mot. at 1.  Prior to his arrival at USP Marion, Mr. Doostdar spent time in several county jails and at the FCI in Terre Haute.  Id. at 1-2.  Based on Mr. Doostdar's projected release date of April 19, 2021, he has served over 80% of his sentence.  See id. at 3.[2]  On January 15, 2021, the government informed the Court that Mr. Doostdar was expected to be transferred to a halfway house on February 2, 2021.  Surreply at 2.  On February 5, 2021, the government informed the Court that Mr. Doostdar had not yet been released to a halfway house but was scheduled to be transferred on or about February 9, 2021.  Gov't Notice at 1.

---

Doostdar's Motion for Compassionate Release ("Def.'s Mot.") [Dkt. No. 136]; United States' Opposition to Defendant's Emergency Motion for Compassionate Release Under 18 U.S.C. 3582(c)(1)(A)(i) ("Gov't Opp.") [Dkt. No. 137]; Sealed Document Exhibit D Medical Record ("Sealed Ex. D") [Dkt. No. 140]; Ahmadreza Doostdar's Reply in Support of Motion for Compassionate Release ("Def.'s Reply") [Dkt. No. 141]; United States Surreply to Defendant's Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Surreply") [Dkt. No. 143]; United States' Sealed Exhibit 2 – Declaration of James LeClair ("Sealed Ex. 2") [Dkt. No. 144-2]; and United States' Notice Regarding Defendant's Transport ("Gov't Notice") [Dkt. No. 146].

[2]    Although the motion filed on October 29, 2020 reports Mr. Doostdar's release date as April 21, 2021, subsequent filings by both sides report that this date is now April 19, 2021.  See Gov't Opp. at 6; Def. Reply at 5; Surreply, Ex. 1, ¶ 3.

Mr. Doostdar is "severely obese," with a body-mass index of over 40. Def.'s Mot. at 6. Mr. Doostdar contends that his severe obesity makes him particularly vulnerable to COVID-19. See id. at 6, 8-10. At the time Mr. Doostdar's motion for compassionate release was filed, no vaccine was available to protect against COVID-19. Id. at 6. Over the course of the pandemic, at least two inmates at USP Marion have died as a result of COVID-19 and over 700 inmates and numerous staff members have tested positive. Def.'s Reply at 3 (citing BOP data from December 16, 2020, which listed 103 inmates who at that time tested positive and 657 inmates who had "recovered").

Mr. Doostdar submitted a pro se request in August 2020 to the warden at FCI Terre Haute, where he was then confined, for compassionate release and home confinement, which Mr. Doostdar's counsel understands was denied on or about August 7, 2020. Def.'s Mot. at 19-20. On September 8, 2020, Mr. Doostdar submitted through counsel a further request to the warden at FCI Terre Haute. Id. at 20. On October 13, 2020, Mr. Doostdar submitted through counsel a request for compassionate release or home confinement to the warden at USP Marion. Id. at 20. After more than 30 days had elapsed from submission of the September 8 request without a response, Mr. Doostdar filed this present motion for compassionate release on October 29, 2020. See id. at 1, 20. On November 10, 2020, the warden at USP Marion denied Mr. Doostdar's October 13 request. Gov't Opp. at 6. Subsequent to filing his motion for compassionate release and reply brief, Mr. Doostdar received the COVID-19 vaccine. Sealed Ex. 2, ¶ 8.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . but the rule of finality is subject to a few narrow

3

exceptions." Freeman v. United States, 564 U.S. 522, 526 (2011) (internal quotation marks and citation omitted). One such exception is codified as 18 U.S.C. § 3582(c)(1)(A). As modified by the First Step Act in 2018, Section 3582(c)(1)(A) allows courts to modify a sentence upon motion by a defendant once he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request." 18 U.S.C. § 3582(c)(1)(A). Mr. Doostdar has submitted one pro se request and two requests through counsel to the BOP for compassionate release. Def.'s Mot. at 19-20. Mr. Doostdar's pro se request was denied. More than 30 days have elapsed since the first request submitted through counsel. Def.'s Mot. at 4. The second request submitted through counsel was denied. Gov't Opp. at 6. Mr. Doostdar has exhausted his administrative remedies.

Once the exhaustion requirement has been met, a defendant must show that "extraordinary and compelling reasons warrant such a reduction," and that a sentence reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has stated that "extraordinary and compelling reasons" exist where the defendant is "suffering from a serious physical or mental condition" or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I), (III). Health conditions that limit one's ability to practice self-care in a detention facility include those that "compromise a defendant's ability . . . to provide for his own activities of daily living, such as eating and drinking, toileting, washing and dressing, and mobilization." United States v. Morris, Criminal No. 12-154, 2020 U.S. Dist. LEXIS 91040, at *19 (D.D.C. May 24, 2020). The Sentencing Commission has acknowledged, however, that there may be "[o]ther [r]easons"

4

presenting an "extraordinary and compelling reason other than, or in combination with, the reasons described" elsewhere in the commentary. United States v. Morris, 2020 U.S. Dist. LEXIS 91040 at *20 (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)). To that end, the COVID-19 pandemic falls under such an "other reason" that may present an "extraordinary and compelling reason" for a sentencing reduction. United States v. Morris, 2020 U.S. Dist. LEXIS 91040 at *20.

The statute and policy statement further instruct the Court to consider the sentencing factors set out in 18 U.S.C. § 3553(a) "to the extent that they are applicable." U.S.S.G. § 1B1.13; see also 18 U.S.C. § 3582(c)(1)(A). The Court must consider factors "with an eye toward whether it is necessary to maintain the prior term of imprisonment despite the extraordinary and compelling reasons to modify the defendant's sentence." United States v. Johnson, Criminal No. 15-125, 2020 U.S. Dist. LEXIS 86309, at *13 (D.D.C. May 16, 2020).

### III.  DISCUSSION

Mr. Doostdar's motion cites concerns that he could suffer serious health complications if afflicted by COVID-19. Def.'s Mot. at 6. The Court acknowledges that Mr. Doostdar's severe obesity places him at increased risk of illness related to COVID-19. See People at Increased Risk, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. The CDC notes that any individual with a body-max index over 30 presents "increased risk for many serious diseases and health conditions," including COVID-19. The Health Effects of Overweight and Obesity, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/healthyweight/effects/index.html. In light of the fact that Mr. Doostdar has received the COVID-19 vaccine, however, as well as the decline in the number of inmates who

recently have tested positive for COVID-19 at USP Marion, and Mr. Doostdar's impending release to a halfway house, his circumstances lack the extraordinary and compelling character required under 18 U.S.C. § 3582(c)(1)(A).

First, Mr. Doostdar's probability of becoming ill from COVID-19 is significantly diminished by the fact that he has received the COVID-19 vaccine.  See United States v. Jones, No. 3:19CR105, 2021 U.S. Dist. LEXIS 11608, at *16 (E.D. Va. Jan. 21, 2021) (denying a motion for compassionate release and noting that because the movant had received the first dose of the COVID-19 vaccine, "he faces reduced risks from the virus, further weighing against his request for compassionate release").  In addition, Mr. James LeClair, Associate Warden as USP Marion, declared that as of January 11, 2021, there was just one active case of COVID-19 at USP Marion, no active cases in the CMU where Mr. Doostdar is held, and 798 inmates who had recovered from COVID-19.  Surreply, Ex. 2, ¶ 9.  Viewed alongside the statistics cited in Mr. Doostdar's reply brief, this shows a decline in the number of inmates who recently have tested positive, from 103 to 1, and an increase in the number of inmates who have recovered, from 657 to 798.  See Def's Reply at 3.  Mr. LeClair's declaration also indicates that the CMU in which Mr. Doostdar is housed contains only one-man cells, and that inmates in the CMU reside, eat, and participate in most activities within the confines of the CMU, which as of January 11, 2021 had no active cases.  Surreply, Ex. 2, ¶¶ 5-6, 9.  Thus, notwithstanding the high rates of COVID-19 reported in Mr. Doostdar's reply, the most recent statistics do not establish that Mr. Doostdar would be at increased risk of contracting the virus at USP Marion.

In addition, the government has provided notice to the Court that Mr. Doostdar is to be released from USP Marion and transferred to a halfway house on or about February 9, 2021.  Gov't Notice at 1.  While the parties have not submitted statistics on the

6

prevalence or risk of COVID-19 cases at the halfway house, Mr. Doostdar's motion focused on COVID-19 transmission in jails and prisons. See Def.'s Mot. at 11-15, 22, 24. Mr. Doostdar has not established special circumstances warranting sentence reduction once he is transferred to the halfway house.

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for Compassionate Release [Dkt. No. 136] is DENIED without prejudice.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: February 8, 2021